# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

MARK R. FERRAN et al.,

                        **Plaintiffs,**

         **v.**

CITY OF ALBANY et al.,

                        **Defendants.**

                            **1:14-cv-1362**
                            **(GLS/ATB)**

_____

**APPEARANCES:**                   **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Mark R. Ferran
Pro Se
36 Winnie Street
Albany, NY 12208

Nadia Ferran
Pro Se
114 Morton Avenue
Albany, NY 12202

**FOR THE DEFENDANTS:**
*City of Albany*, Hon. Gerald D. Jennings,
*Robert C. Forezzi, Sr., Joseph J. Toomey,*
*Loren LaJoy, Vincent Dibiase, Valerie Y.*
*Scott, John J. Reilly, and Bradford Burns*
Rehfuss, Liguori Law Firm          STEPHEN J. REHFUSS,
40 British American Blvd.           ESQ.
Latham, NY 12110

*Joseph M. Lanaro, Felicia Russell,*
*and Chazen Companies*
Hanlon, Veloce Law Firm            CHRISTINE D. HANLON,

1187 Troy-Schenectady Rd.                    ESQ.
3rd Floor
Latham, NY 12210

*Michael P. Cristo,[1] M. Cristo, Inc.,*
*and Michael P. Cristo, Jr.*
D'Amao & Lynch, LLC                          ARTURO M. BOUTIN,
Two World Financial Center — 29th Floor      ESQ.
225 Liberty Street                           BARRY A. SEMEL-
New York, NY 10282                           WEINSTEIN, ESQ.

*Eugene Devine, Richard M. Platkin,*
*John A. Lahtinen, Elizabeth A.Garry,*
*Robert S. Rose, and Leslie E. Stein*
HON. ERIC T. SCHNEIDERMAN                     DAVID FRUCHTER
New York State Attorney General              Assistant Attorney General
Litigation Bureau
The Capitol
Albany, NY 12224

*The Historic Albany Foundation, Inc.*
Whiteman, Osterman Law Firm                   WILLIAM S. NOLAN, ESQ.
One Commerce Plaza
Suite 1900
Albany, NY 12260

*Vacant Building Initiative Project Team*
NO APPEARANCE

*John Does 1-25*
NO APPEARANCE

**Gary L. Sharpe**

---

[1] Plaintiffs incorrectly name Michael P. Cristo, Sr. as a defendant.  (Am. Compl., Dkt. No. 12.)  The court directs the Clerk to amend the caption to identify Michael P. Cristo as the proper defendant.  (Dkt. No. 54, Attach. 7.)

**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs, mother and son, Nadia Ferran ("N. Ferran") and Mark Ferran ("M. Ferran") commenced this action *pro se* against forty-eight defendants[2] alleging constitutional and state law claims in connection with the demolition of a property at 54 Clinton Avenue, Albany, New York. (Am. Compl., Dkt. No. 12.) Pending are motions to dismiss by City defendants, (Dkt. No. 21), Chazen defendants, (Dkt. No. 26), the Historic Albany Foundation, Inc., (Dkt. No. 33), Cristo defendants, (Dkt. No. 54), and state defendants, (Dkt. No. 62). Historic Albany Foundation, Inc. also seeks attorney's fees. (Dkt. No. 33.) For the reasons that follow, the motions are granted in part and denied in part.

## II. Background[3]

---

[2] Plaintiffs sued the following defendants: City of Albany, Hon. Gerald D. Jennings, Robert C. Forezzi, Sr., Joseph J. Toomey, Loren LaJoy, Vincent Dibiase, Valerie Y. Scott, John J. Reilly, and Bradford D. Burns, (collectively "City defendants"); The Chazen Companies, Joseph Lanaro, and Felicia Russell, (collectively "Chazen defendants"); The Historic Albany Foundation, Inc.; Michael P. Cristo Jr., Michael P. Cristo, and M. Cristo Inc., (collectively "Cristo defendants"); Eugene Devine, Elizabeth A. Garry, John A. Lahtinen, Richard M. Platkin, Robert S. Rose, and Leslie E. Stein (collectively "state defendants"); as well as Vacant Building Initiative Project Team and John Does 1-25.

[3] The facts are drawn from plaintiffs' amended complaint and presented in the light most favorable to them.

Initially, the court notes that plaintiffs filed a 173-page complaint with 627 numbered paragraphs of which the first 352 paragraphs allege errors by three state court decisions regarding plaintiffs' challenge to the demolition of 54 Clinton Street (hereinafter "the subject property"). (*See generally* Am. Compl.) Plaintiffs' complaint is also rife with legal conclusions and long factual recitations. Plaintiffs allege over forty causes of action, however, a majority of the complained of conduct arises from the demolition of the subject property. Nonetheless, the court has endeavored to decipher plaintiffs' claims and organize a chronology of the factual background, although, much remains disjointed. To assist the court, it has taken judicial notice of certain decisions and filings in the underlying state proceeding.[4] *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 166 n.3 (2d Cir. 2012). The factual background is divided between the events surrounding the demolition of the subject property, the procedural history of

---

[4] Accordingly, the court takes judicial notice of the following: (1) the July 25, 2012 New York State Supreme Court Decision and Order, (Dkt. No. 21, Attach. 3 at 50-54); (2) the April 10, 2014 Appellate Division Memorandum and Order, (Dkt. No. 21, Attach. 3 at 56-58); and (3) the March 13, 2015 Supreme Court Decision and Order, (Dkt. No. 21, Attach. 5 at 3-15); (4) the March 9, 2012 summons and verified complaint-petition filed in New York State Supreme Court, (Dkt. No. 21, Attach. 3 at 1-41); (5) the May 22, 2014 first amended verified complaint-petition, (Dkt. No. 62, Attach. 5); and (6) the April 20, 2015 notice of appeal of the March 13, 2015 Decision and Order, (Dkt. No. 62, Attach. 7). The court also notes that affidavits submitted by the City, Chazen, and Cristo defendants, (Dkt. No. 21, Attach. 3 at 42-47; Dkt. No. 26, Attach. 2; Dkt. No. 54, Attachs. 7-8), are excluded from consideration as outside the pleadings, *see* Fed. R. Civ. P. 12(d), and those documents were not considered.

the state court action, and, to the extent they are decipherable, the factual allegations against particular defendants.

*1. The Demolition of the Subject Property*

N. Ferran is the owner of the subject property. (Am. Compl. ¶ 468.) On the morning of November 9, 2011, the subject property caught fire. (*Id.* ¶¶ 395, 464.) After the fire was extinguished, the subject property was inspected by Albany Fire Department's Deputy Fire Chief Joseph Toomey and the Chazen Companies' Joseph Lanaro, an independent civil engineer hired by the City. (*Id.* ¶¶ 409, 421-22; Dkt. No. 21, Attach. 5 at 5.) Lanaro opined that the subject property had severe structural damage because of a bow in the front wall and needed to be immediately demolished. (Am. Compl. ¶¶ 426, 452.) Based on Lanaro's opinion, Toomey filed an emergency order to demolish the subject property, which was issued on November 9, 2011. (*Id.* ¶¶ 429, 476; Dkt. No. 21, Attach. 5 at 5-6.) Thereafter, the City hired M. Cristo Inc. to perform the demolition, which occurred on November 11, 2011. (Am. Compl. ¶ 476.) The City billed plaintiffs for the demolition of the subject property. (*Id.*)

Plaintiffs contest whether the subject property needed to be demolished. Plaintiffs allege that the subject property was structurally

sound and the City hired Lanaro to manufacture a false reason to justify its demolition.  (*Id.* ¶ 451.)  Plaintiffs allege that City sought to demolish the subject property because it wanted to terminate N. Ferran's ownership by a tax foreclosure and then convey the lot to a new owner.  (*Id.* ¶¶ 468, 476.)  Plaintiffs also allege that they both had personal property in the subject property, which was also demolished.  (*Id.* ¶¶ 533-50.)

    2.    *State Court Action*

Following the demolition, plaintiffs filed a notice of claim with the City and commenced a CPLR Article 78 proceeding and plenary action challenging the demolition of the subject property on numerous state law and constitutional grounds.  (*Id.* ¶ 381; Dkt. No. 21, Attach. 3 at 1-41.)  The City defendants filed a motion to dismiss, which Judge Eugene Devine granted.[5]  (Dkt. No. 21, Attach. 3 at 50-54.)  Judge Devine found that M. Ferran lacked standing because he was not the property owner and N. Ferran failed to state a claim because the City's decision to demolish was rational.  (*Id.* at 50-54.)  Plaintiffs appealed.  (*Id.* at 56-58.)

An Appellate Division, Third Department, panel of Justices John

---

[5]  At the time, Judge Devine was a trial level Supreme Court Justice and now sits on the Appellate Division, Third Department.  (Dkt. No. 21, Attach. 3 at 50-54.)

Lahtinen, Elizabeth Garry, Robert Rose, and Leslie Stein[6] reviewed the

appeal.  (*Id.*)  The court affirmed so much of the decision determining that

M. Ferran lacked standing and otherwise reversed, finding that N. Ferran

stated several causes of action.  (*Id.*)  Specifically, the court found that she

sufficiently alleged that the City defendants' decision to demolish was

arbitrary and made with animus, and she had no meaningful post-

deprivation remedy.  (*Id.*)  Additionally, the court determined that she

alleged that the cost of the demolition was a lien on the subject property

and could be challenged in a CPLR Article 78 proceeding.  (*Id.*)

Plaintiffs then filed a first amended verified complaint-petition, (Dkt.

No. 62, Attach. 5), and the City defendants and defendant Michael Cristo,

also a defendant in this action, filed motions to dismiss, (Dkt. No. 21,

Attach. 5 at 3-15).  Judge Richard Platkin, to whom the case had been

reassigned after Judge Devine was appointed to the Appellate Division,

granted in part and denied in part the motions.  (*Id.*)  Judge Platkin found,

among other things, that the court lacked personal jurisdiction over Cristo

and certain City defendants, but not others, and that the law of the case

---

[6] At the time, Judge Stein was a member of the Appellate Division, Third Department and now sits as an Associate Judge on the New York State Court of Appeals.  (Dkt. No. 21, Attach. 3 at 56-58.)

dictated that M. Ferran lacked standing.  (*Id.* at 7-8.)  Plaintiffs appealed,

which was pending at the time these motions were filed.  (Dkt. No. 62,

Attach. 7; Dkt. No. 62, Attach. 1 ¶ 15.)

In this action, plaintiffs generally allege that all of the named

defendant judges legally erred in their opinions.  (*See generally* Am.

Compl. ¶¶ 1-352.)

### 3.   *Judge Devine*

Plaintiffs also allege that Judge Devine submitted a perjured affidavit

accusing M. Ferran of harassment which caused M. Ferran to be falsely

arrested.  (*Id.* ¶¶ 353-75.)  M. Ferran was apparently arrested for

aggravated harassment in the second degree after he served a motion at

the Appellate Division, Third Department related to the underlying

proceeding before Judge Devine.  (*Id.* ¶¶ 353-55, 366, 371.)  Judge Devine

supplied an affidavit falsely identifying himself as a witness to M. Ferran's

harassment.  (*Id.* ¶¶ 358-60, 373.)

### 4.   *The Historic Albany Foundation, Inc.*

Plaintiffs generally allege that the Historic Albany Foundation, Inc.

("HAF") influenced the City to demolish the subject property.  (*Id.* ¶¶ 564,

572-81.)  According to plaintiffs, HAF agreed with the decision by the City

and Lanaro that the subject property needed to be demolished even though it knew that the building was structurally sound.  (*Id.* ¶¶ 564, 578.)  HAF also had an agreement with the City to sell the historically significant parts of demolished buildings at its retail location or to keep them for itself.  (*Id.* ¶ 570.)  Plaintiffs allege that HAF improperly obtained historically significant parts from the subject property for its retail sales.  (*Id.* ¶ 577.)

5.    *Felicia Russell*

Felicia Russell was an assistant with the Chazen Companies and worked with Lanaro.  (*Id.* ¶ 461.)  Plaintiffs generally allege that she assisted Lanaro to produce his false report regarding the condition of the subject property.  (*Id.* ¶¶ 486-87.)

6.    *M. Cristo, Inc., Michael P. Cristo, and Michael P. Cristo, Jr.*

Michael P. Cristo is the sole owner of M. Cristo Inc.  (*Id.* ¶ 287.)  Plaintiffs allege that Michael P. Cristo, Jr. is somehow associated with the business.  (*Id.* ¶ 76 n. 25.)  M. Cristo Inc. obtained a permit from the City to enter the subject property and perform demolition and related post-demolition services for one year.  (*Id.* ¶ 292, 392.)  Plaintiffs allege that M. Cristo Inc. demolished the garage and a tree on the subject property without authorization.  (*Id.* ¶¶ 514-32, 610.)  Plaintiffs also allege that M.

Cristo Inc. demolished their personal property.  (*Id.* ¶ 544.)

7.    *Hon. Gerald D. Jennings, Robert C. Forezzi, Sr., Loren LaJoy,*

*Vincent Dibiase, Valerie Scott*, *John Reilly, and Bradford Burns*

At the time the subject property was demolished, Hon. Gerald D.

Jennings was the mayor of Albany and Robert C. Forezzi, Sr. was the

City's Chief of Fire and Emergency Services.  (*See generally id.* at 1.)

Plaintiffs allege that Jennings and Forezzi were present at the scene of the

fire on November 9, 2011, knew that the subject property was structurally

sound, and commented that money and repairs would have prevented

demolition.  (*Id.* ¶¶ 555-59.)

Valerie Scott is the Division Supervisor for the City Division of

Buildings and Codes and also present on the morning of the fire.  (*Id.* ¶¶

555, 566.)  Plaintiffs allege Scott assisted Lanaro in creating his false

report about the structural integrity of the subject property.  (*Id.* ¶ 565.)

John Reilly and Bradford Burns are attorneys for the City.  (*Id.* ¶ 209.)

Plaintiffs allege that Reilly and Burns encouraged or assisted Lanaro in

creating a false report to justify the demolition of the subject property and

directed M. Cristo to perform unlawful demolition services on the subject

property.  (*Id.* ¶¶ 486-87, 492, 510, 544, 607.)  They also allege that Burns

was present on the morning of the fire and observed that the subject property was not structurally deformed.  (*Id.* ¶ 555.)

Loren LaJoy is the Fire Captain for the City and was present on the morning of the fire.  (*Id.* ¶ 555.)  At some point after the fire, plaintiffs allege that he ordered them to exit the subject property and continuously prevented them from reentering.  (*Id.* ¶ 553.)

Vincent Dibiase is the City building inspector and issued a permit to M. Cristo Inc. to perform demolition and post-demolition services on the subject property.  (*Id.* ¶¶ 288-92, 522, 568, 607.)  Plaintiffs allege that the permit was issued illegally because it allowed M. Cristo Inc. to perform non-emergency work without N. Ferran's consent.  (*Id.* ¶¶ 292, 392.)

### III.  Standard of Review

### A.  Motion to Dismiss for Insufficient Service of Process

When a defendant moves to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "[t]he burden is on the plaintiff to establish that his service was not insufficient." *DiFillippo v. Special Metal Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (internal quotation marks and citation omitted).  "Conclusory statements that a defendant was properly served are insufficient to meet that burden."

*Flemming v. Moulton*, No. 9:13-CV-1324, 2015 WL 5147035, at *4

(N.D.N.Y. Sept. 1, 2015) (internal quotation marks and citation omitted).

"In resolving the motion, the court must look to matters outside the

complaint to determine what steps, if any, the plaintiff took to effect

service." *Id.* (internal quotation marks and citation omitted). If service is

deficient, "the court may, but is not required to, dismiss the action[, or] the

court may grant leave to allow the plaintiff to cure the insufficiency."

*DiFillippo*, 299 F.R.D. at 353 (internal quotation marks and citation

omitted).

**B.    Motion to Dismiss for Failure to State a Claim**

The standard of review under Fed. R. Civ. P. 12(b)(6) is well

established and will not be repeated here. For a full discussion of the

standard, the court refers the parties to its prior opinion in *Ellis v. Cohen &*

*Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on*

*other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191

(2d Cir. 2015).

## IV.  Discussion

**A.    Service**

City defendants move to dismiss the action against defendants

12

Jennings, Toomey, LaJoy, Dibiase, and Scott for insufficient service of process. (Dkt. No. 21, Attach. 1 at 6-7.) City defendants contend that plaintiffs' request for an extension of time to serve only applied to the defendants expressly mentioned in their request. (*Id.*)

Defendants must be properly served in order for the court to exercise personal jurisdiction over them. *See DiFillippo*, 299 F.R.D. at 353 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). When service is challenged, "[t]he burden is on the plaintiff to establish that his service was not insufficient." *Id.* (internal quotation marks and citation omitted). If service is insufficient, the court may dismiss the action or grant leave for plaintiff to remedy the defect. *Id.*

Since City defendants filed their motion, Jennings, Toomey, LaJoy, Dibiase, and Scott have been served after plaintiffs were granted an extension of time. (Dkt. Nos. 19, 46, 51, 53.) The court disagrees that the extension to serve did not apply to the City defendants because plaintiffs requested an extension "to complete service upon ALL named defendants," which was granted. (Dkt. No. 17 at 4; Dkt. No. 19.) Accordingly, the motion is denied on this ground. The court notes, however, that plaintiffs have not filed proof of service to defendant Vacant

Building Initiative Project Team after being granted several extensions. (Dkt. Nos. 55, 61.)  Therefore, the court dismisses the action against Vacant Building Initiative Project Team.  *See* Fed. R. Civ. P. 4(m) (stating that a court may *sua sponte* dismiss the action upon notice to the plaintiff if a defendant is not timely served).

## B.    Immunity

State defendants argue that plaintiffs' claims against them should be dismissed on immunity grounds.  (Dkt. No. 62, Attach. 8 at 5-9.) Specifically, state defendants assert that claims against them in their official capacity are barred by the Eleventh Amendment and claims against them in their individual capacity are barred by absolute judicial immunity. (*Id.*)

The Eleventh Amendment bars all federal court actions "against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity."  *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

14

Because New York has not waived its immunity to any of the plausible claims alleged and these judicial defendants are arms of the state, the claims against them in their official capacity are dismissed. *See Gollomp v. Spitzer*, 568 F.3d 355, 365-67 (2d Cir. 2009).

Judges have absolute immunity from liability for their judicial actions, *see Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009), and are subject to liability only for non-judicial actions or judicial actions "taken in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Accordingly, "even allegations of bad faith or malice cannot overcome judicial immunity" for a judge's official actions. *Bliven*, 579 F.3d at 209. Regarding the allegations against the state defendants in their individual capacities arising from their judicial opinions and orders, (Am. Compl. ¶¶ 1-352), they undoubtedly receive absolute immunity. *See Bliven*, 579 F.3d at 209 ("[T]he Supreme Court has generally concluded that acts . . . related to[] individual cases before [a] judge are considered judicial in nature.").

Plaintiffs also make individual allegations against Judge Devine related to M. Ferran's arrest. (Am. Compl. ¶¶ 353-75.) These allegations can be fairly read to accuse Judge Devine of falsely reporting M. Ferran's

harassment towards him to authorities.  (*See id.*)  The Second Circuit has

previously found immunity applied in a factually similar case.  *See*

*Huminski v. Corsones*, 386 F.3d 116 (2d Cir. 2004).  In *Huminski*, after a

judge disposed of a criminal defendant's case, the former defendant began

to follow her to parking lots of courthouses in which she sat and attached

signs to his van criticizing her and the judicial system.  *See id.* at 122, 124.

The judge was concerned about her safety and, as a result, directed court

personnel to contact law enforcement to have him removed.  *See id.* at

125-27.  She also requested that law enforcement serve the former

defendant with notices of trespass on the private property of her and her

family.  *See id.*  The former defendant then sued the judge for violation of

his First Amendment rights.  *See id.* at 129.  The court held that the judge

was entitled to absolute judicial immunity because, among other things,

there was a "nexus between [the judge's] actions [and the former

defendant's] criminal case before her."  *Id.* at 141.  Specifically, the court

reasoned that the former defendant's "protests regarding [the judge]

stemmed directly and proximately from . . . his criminal case over which

she presided" and her response "regarding the decision to issue the

trespass notices to [him] stemmed directly from [his] protests."  *Id.*

The reasoning in *Huminski* compels the same result here.  Judge Devine presided over M. Ferran's civil case and decided motions adversely to him.  (Dkt. No. 21, Attach. 3 at 50-54.)  M. Ferran then filed papers at the Appellate Division related to Judge Devine's decision, which apparently contained harassing language towards Judge Devine.  (Am. Compl. ¶¶ 354-55.)  Such language was based on the disposition of M. Ferran's civil suit before Judge Devine.  (*Id.*)  Based on this language, Judge Devine submitted an affidavit which supported the warrant to arrest M. Ferran.  (*Id.* ¶¶ 353-54.)  As in *Huminski*, there was a "nexus" between Judge Devine's affidavit supporting M. Ferran's arrest and the civil suit.  Accordingly, Judge Devine is also entitled to absolute judicial immunity for his affidavit.  For all of these reasons, the state defendants are entitled to judicial immunity and all claims against them are dismissed.

## C.  <u>Standing</u>

City and Cristo defendants argue that collateral estoppel or res judicata prevent M. Ferran from relitigating the issue of standing.  (Dkt. No. 21, Attach. 1 at 9-11; Dkt. No. 54, Attach. 9 at 5-10.)  However, these doctrines do not apply because the state action has not yet reached a final judgment.  *See Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d

Cir. 2008); *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008). Nevertheless, the court finds that M. Ferran still lacks standing to assert claims arising from the demolition of his mother's property.

To have Article III standing, "'a plaintiff must have suffered an injury in fact,'" which has "'a causal connection [to] the conduct complained of'" and is likely "'redress[able] by a favorable decision.'" *Chevron Corp. v. Donziger*, 833 F.3d 74, 120 (2d Cir. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).

Here, plaintiffs allege state tort and procedural due process causes of action largely premised on the demolition of the subject property. (*See generally* Am. Compl. ¶¶ 382-627.) M. Ferran, however, did not suffer from any injury arising from the demolition of the subject property because he did not have a possessory interest in the property. *See Wild v. Hayes*, 68 A.D.3d 1412, 1414 (3d Dep't 2009) (holding that plaintiff lacked standing to bring state tort claims when he did not have possessory rights to the property when the claims accrued); *Pangburn v. Culbertson*, 200 F.2d 65, 70 (2d Cir. 1999) (explaining that due process protection only extends to significant property interests). N. Ferran was the sole owner of the subject property at the time of the fire and demolition. (Am. Compl.

18

¶ 468.)  Plaintiffs attempt to manufacture standing years after the demolition through N. Ferran's "Assignment of Causes of Action Related to 54 Clinton Avenue" to M. Ferran, (Dkt. No. 12, Attach. 1 at 50), but this does not grant him a possessory interest to confer standing.  *See Wild*, 68 A.D.3d at 1414.  Accordingly, the court dismisses all claims by M. Ferran arising from the demolition of the subject property.

However, to the extent that M. Ferran advances claims arising from the destruction of his personal property, (*see, e.g.*, Am. Compl. ¶¶ 534-35), he has standing because he has sufficiently alleged an injury attributable to defendants' conduct.  *See Hispanic Leadership Fund, Inc. v. Walsh*, No. 1:12-cv-1337, 2013 5423855, at *6 (N.D.N.Y. Sept. 26, 2013) (explaining that, for purposes of standing, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court may] presum[e] general allegations embrace those specific facts that are necessary to support the claim" (quoting *Lujan*, 504 U.S. at 561)).

**D.    Punitive Damages**

Plaintiffs seek punitive damages for their injuries.  (Am. Compl. at 153.)  This relief is unavailable to the extent that such damages are sought

to remedy section 1983 violations against the City or City defendants acting in their official capacity. *See New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 442 F.3d 101, 122 (2d Cir. 2006); *South Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme*, 539 F. Supp. 2d 524, 534 (D. Conn. 2008).

## E.   <u>Substantive Claims</u>

After reviewing plaintiffs' hefty complaint, the court has deciphered four claims: a Fourteenth Amendment procedural due process claim, a section 1983 conspiracy claim, and state law claims of trespass and conversion.

### 1.   *Fourteenth Amendment Procedural Due Process*

Reading the complaint in the light most favorable to plaintiffs, they appear to allege that they were unlawfully deprived of the subject property without notice and an opportunity to be heard. (Am. Compl. ¶¶ 467-68.) Specifically, plaintiffs allege that defendants did not have a reasonable belief that the subject property suffered from an imminent collapse warranting its demolition and that fire damage was pretext to support the subject property's demolition. (*Id.* ¶ 468.)

Analysis of a procedural due process claim is composed of two

prongs. *See Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988). First, the court must discern "whether the plaintiff has a property or liberty interest protected by the Constitution." *Id.* If such an interest exists, "[the] court must then consider whether the government deprived the plaintiff of that interest without due process." *Id.* Thus, under the second step of the analysis, the court must ask "what process was due to the plaintiff, and . . . whether that constitutional minimum was provided in the case under review." *Id.* (citation omitted). This involves a weighing of the private interest to be affected, the risk of erroneous deprivation, the value of additional safeguards, and the governmental burden such additional safeguards would impose. *See Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976); *Interboro Inst., Inc. v. Foley*, 985 F.2d 90, 93 (2d Cir. 1993) ("Due process requires notice and the opportunity to be heard." (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950))). Under certain circumstances, however, the "lack of such predeprivation process will not offend the constitutional guarantee of due process." *Catanzaro v. Weiden*, 188 F.3d 56, 61 (2d Cir. 1999). Specifically, "'the necessity of quick action by the [municipality] . . . when coupled with the availability of some meaningful means by which to assess

the propriety of the [municipality]'s action at some time after the initial taking, can satisfy the requirements of procedural due process.'" *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 539 (1981)).  Thus, "where there is competent evidence allowing [a municipal] official to reasonably believe that an emergency does in fact exist, . . . the discretionary invocation of an emergency procedure results in a constitutional violation only where such invocation is arbitrary or amounts to an abuse of discretion." *Id.* at 63.

At this stage of the litigation, plaintiffs have sufficiently alleged a procedural due process violation.  Plaintiffs challenge whether an imminent danger actually existed on the subject property after the fire and whether any damage from the fire could have been ameliorated through renovations rather than demolition.  (Am. Compl. ¶¶ 451, 459.)  Plaintiffs allege that the "competent evidence" upon which the City relied was in fact manufactured by Lanaro at the request of the City defendants.  (*Id.* ¶¶ 451, 468, 476.)  Accepting the plaintiffs' allegations as true, as the court must at this juncture, the City defendants cannot resort to an emergency defense where plaintiffs vigorously dispute the presence of such an emergency or where plaintiffs allege the actions were abusive.  *See Breon v. Perales*, No. 6:15-cv-6335, 2015 WL 7289399, at *4 (W.D.N.Y. Nov. 16, 2015).

Because it is beyond the scope of a Rule 12 motion to determine whether an emergency situation existed, it is also premature to assess whether plaintiffs had an adequate post-deprivation remedy.[7] *See id.* at *4 n.3. Accordingly, this claim may proceed.[8]

### 2. Section 1983 Conspiracy

Chazen, Cristo, and HAF defendants argue that they cannot be held liable under 42 U.S.C. § 1983 as private actors. (Dkt. No. 26, Attach. 3 at 2; Dkt. No. 33, Attach. 1 at 6-7; Dkt. No. 54, Attach. 9 at 14-15.)

To find a private actor liable under section 1983, a plaintiff must allege that he conspired with a state actor. *See Ciambriello v. Cty of Nassau*, 292 F.3d 307, 325-26 (2d Cir. 2002). Specifically, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.*

With respect to the Chazen defendants, plaintiffs allege that these

---

[7] For similar reasons, it is premature to assess whether the City defendants are entitled to qualified immunity. *See Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 793 (2d Cir. 2002) (reserving on qualified immunity where "[a] case turns on factual questions that cannot be resolved" on a motion to dismiss).

[8] Notably, the City defendants make no argument that plaintiffs fail to state a claim for liability against the City under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, (436 U.S. 658 (1978)), and the court declines to reach it *sua sponte*.

defendants worked with City defendants to manufacture a false reason to warrant the demolition of the subject property.  (Am. Compl. ¶¶ 461, 476.) These allegations suffice to state a claim for conspiracy and contain the requisite particularity to withstand a motion to dismiss.  *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (noting "[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct" (internal quotation marks and citation omitted)), *overruled on other grounds*, *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163 (1993).  By contrast, plaintiffs fail to allege an agreement between the City defendants and either HAF or the Cristo defendants to engage in unconstitutional conduct. *See Jae Soog Lee v. Law Office of Kim & Bae, PC*, 530 F. App'x 9, 10 (2d Cir. 2013) (finding no conspiracy claim where plaintiff did not allege an agreement).  Plaintiffs have not shown a "'meeting of the minds'" or an "'understanding'" between the City defendants and either HAF or Cristo defendants sufficient to support a claim of conspiracy.  *McGee v. Dunn*, 09 Civ. 6098, 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).  As such, the claims against HAF and the Cristo defendants are dismissed.

24

*3.    Trespass*

Plaintiffs appear to allege a state law trespass claim against the City, Chazen, and Cristo defendants.  (Am. Compl. ¶¶ 493-513.)  To state a trespass claim under New York law, a plaintiff must allege that a defendant intentionally entered the land of another without legal justification or permission.  *See Woodhull v. Town of Riverhead*, 46 A.D.3d 802, 804 (2d Dep't 2007); *see also Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 293 (S.D.N.Y. 2015).  Although plaintiffs contest the demolition, they acknowledge that all defendants had legal justification to enter the subject property by permit or by emergency from the fire.  (Am. Compl. ¶¶ 392, 395.)  Because defendants had a legal justification to enter the subject property, plaintiffs fail to allege a trespass cause of action.  Accordingly, this claim is dismissed.

*4.    Conversion*

Plaintiffs also appear to allege a cause of action for conversion based on their personal property from the subject property that was either demolished or removed.  (Am. Compl. ¶¶ 533-50.)  "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in

derogation of plaintiff's rights." *Pappas v. Tzolis*, 20 N.Y.3d 228, 234 (2012) (internal quotation marks and citation omitted).  Here, both plaintiffs allege that their personal property was undamaged from the fire and that the City defendants either demolished or removed it from the site of the subject property.  (Am. Compl. ¶¶ 533-50.)  Accepting plaintiffs' allegations as true, at this stage, the court finds that they have sufficiently stated a cause of action for conversion.  Accordingly, plaintiffs' conversion claim survives.

     5.    *Other Claims*

To the extent that plaintiffs allege additional claims, such claims are dismissed under Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires that plaintiffs provide defendants with adequate notice of the claims alleged against them.  *See Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).  Adequate notice is "that which will enable the adverse party to answer and prepare for trial."  *Id.* (internal quotation marks and citation omitted).  Although plaintiffs' complaint put defendants on notice of certain claims, *see supra* Part IV.E.1-4, the remainder of the complaint is ambiguous, confusing, and vague, and requires dismissal.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Accordingly, those

claims are dismissed.

**F.**     <u>**Attorney's Fees**</u>

HAF seeks attorney's fees under 42 U.S.C. § 1988. (Dkt. No. 33, Attach. 1 at 8.) A court may award a prevailing defendant attorney's fees under section 1988 for "fees he expended solely because of [a plaintiff's] frivolous allegations." *Fox v. Vice*, 563 U.S. 826, 841 (2011). The court has dismissed all claims against HAF, finding that it had not engaged in state action and therefore cannot be held liable under section 1983. *See supra* Part IV.E.4. Although the claims against HAF were ultimately dismissed, the court retains the discretion to award fees. *See* 42 U.S.C. § 1988. Assuming without deciding that plaintiffs' claims were frivolous, attorney's fees are nonetheless unwarranted. *See Bauer v. Yellen*, 375 F. App'x 154, 156 (2d Cir. 2010) (explaining that "attorney's fees should only rarely be awarded against plaintiffs proceeding *pro se*").

**V.** <u>**Conclusion**</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the City defendants' motion (Dkt. No. 21) is

**GRANTED** to the extent that plaintiffs may not recover punitive damages from the City or City officials sued in their official capacity and otherwise

**DENIED**; and it is further

**ORDERED** that Chazen defendants' motion (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED** that HAF's motion (Dkt No. 33) is **DENIED** with respect to attorney's fees and is otherwise **GRANTED**; and it is further

**ORDERED** that Cristo defendants' motion (Dkt. No. 54) is **GRANTED**; and it is further

**ORDERED** that the state defendants' motion (Dkt. No. 62) is **GRANTED**; and it is further

**ORDERED** that all claims by plaintiff M. Ferran arising from the demolition of the subject property are **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to terminate HAF, Michael P. Cristo Jr., Michael P. Cristo, M. Cristo Inc., Eugene Devine, Elizabeth A. Garry, John A. Lahtinen, Richard M. Platkin, Robert S. Rose, and Leslie E. Stein, and Vacant Building Initiative Project Team from this action; and it is further

**ORDERED** that the parties contact Magistrate Judge Andrew T. Baxter to schedule further proceedings consistent with this Memorandum-

Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

December 20, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge