UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK R. FERRAN et al.,

                    **Plaintiffs,**

          **v.**

CITY OF ALBANY et al.,

                    **Defendants.**
_____

**1:14-cv-1362
(GLS/ATB)**

## SUMMARY ORDER

Plaintiffs *pro se*, mother and son, Nadia Ferran (hereinafter "N. Ferran") and Mark R. Ferran (hereinafter "M. Ferran") commenced this action against forty-eight defendants, alleging over forty claims pursuant to federal and New York state law.  (Am. Compl., Dkt. No. 12.)  On December 20, 2016, the court issued a Memorandum-Decision and Order (hereinafter "the December 2016 Order"), dismissing certain claims and terminating certain defendants, leaving the City of Albany, Hon. Gerald D. Jennings, Joseph J. Toomey, Loren LaJoy, Vincent Dibiase, Valerie Y. Scott, John J. Reilly, and Bradford Burns (collectively, "City defendants"), as well as the Chazen Companies, Joseph Lanaro, and Felicia Russell (collectively, "Chazen defendants") as the only remaining defendants.  (*See generally*

Dkt. No. 73.) The following claims remained: (1) a conspiracy claim pursuant to 42 U.S.C. § 1983 against all defendants; (2) a Fourteenth Amendment procedural due process claim against City defendants; and (3) a conversion claim pursuant to New York state law against City defendants. (*Id.*)

Discovery was completed over the course of nearly two years. (Dkt. Nos. 96, 138.) Defendants then moved for summary judgment. (Dkt. Nos. 139-40.) Despite being provided with notice of the consequences of failing to respond to these motions,[1] (Dkt. No. 141), and despite a forty-five-day extension of time to do so, (Dkt. Nos. 142-43), plaintiffs did not file a response to either motion. On December 5, 2019, the court issued a Memorandum-Decision and Order (hereinafter "the December 2019 Order"), granting defendants' unopposed motions for summary judgment, dismissing plaintiffs' complaint, and directing the clerk to close

---

[1] The court's notice specified, among other things, that (1) "[i]f [plaintiffs' did] not submit a proper response to the defendants' statement of material facts, the Court may deem [them] to have admitted the defendants' factual statements," (2) "[i]f [they did] not submit copies of record evidence in support of [their] denials, the Court may deem defendants' factual statements to be true," and (3) "[i]f [they did] not submit a proper response memorandum of law, the Court may deem [them] to have conceded the defendants' arguments." (Dkt. No. 141, Attach. 1.)

2

the case. (Dkt. No. 144.)

On January 6, 2020, M. Ferran filed the following motions: (1) motion to substitute pursuant to Fed. R. Civ. P. 17(a); (2) motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b); (3) motion to make additional findings and amend judgment pursuant to Fed. R. Civ. P. 52(b); (4) motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e); and (5) motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5), which are all currently pending before the court. (Dkt. No. 147.) Also pending is City defendants' request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d). (Dkt. No. 150 at 6.)

For the following reasons, all motions are denied.

### A. Motions to Amend Judgment

M. Ferran moves the court to make additional findings and amend its judgment pursuant to Fed. R. Civ. P. 52(b), and to amend or alter its judgment pursuant to Fed. R. Civ. P. 59(e). (Dkt. No. 147.) It is unclear from M. Ferran's submissions whether these motions are made as to the December 2016 Order or the December 2019 Order, but, in any case, the motions are untimely.

Motions filed pursuant to Rules 52(b) or 59(e) must be filed no later

than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 52(b), 59(e). "These time limits may not be enlarged by the district court." *Dotson v. City of Syracuse*, 549 F. App'x 6, 7 (2d Cir. 2013) (citing Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).")). Because M. Ferran's motions were filed more than three years after the December 2016 Order and thirty-two days after the December 2019 Order, the motions are denied as untimely.

**B.** **Motion to Vacate Judgment**

M. Ferran moves to vacate the December 2016 Order and the December 2019 Order pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 147.) Rule 60(b) sets forth six grounds upon which relief from a judgment or order may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A judgment is void under Rule 60(b)(4) . . . only if

4

the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citations omitted). "A judgment is not void . . . simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal quotation marks and citations omitted).

Rule 60(b) "provides extraordinary judicial relief which should be granted only upon a showing of exceptional circumstances. It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate." *Mosquera v. Graham*, No. 9:19-CV-0442, 2020 WL 1923237, at *1 (N.D.N.Y. Apr. 21, 2020) (internal quotation marks and citations omitted). And courts generally "require that the evidence in support of [a Rule 60(b)] motion . . . be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Id.* (internal quotation marks and citation omitted). "The decision whether to afford relief rests with the sound discretion of the district court." *Id.* (internal quotation marks and citation omitted).

Here, assuming that M. Ferran's Rule 60(b) motion is timely as to both orders, his motion fails to satisfy the Rule's basic requirements. As to the December 2019 Order, M. Ferran has strong opinions about the findings and decisions made therein, but he does not seem to fully grasp the fact that he did not respond to defendants' motions for summary judgment; despite a forty-five-day extension, being provided with notice of the consequences of failing to respond, and the court waiting nine months to render a decision. Without such response, the court properly deemed all factually-supported submissions by defendants as true, and deemed all of defendants' arguments as conceded by plaintiffs, *see* N.D.N.Y. L.R. 7.1(b)(3), as the court said it would do, (Dkt. No. 141, Attach. 1). M. Ferran cannot now use Rule 60(b) as a vehicle to advance an eight-month belated response to the motions for summary judgment.

Further, as to M. Ferran's motion with regard to the December 2016 Order, the court has determined that all of the arguments made therein are an attempt to improperly re-litigate issues already decided. *See Reddy v. Catone*, No. 5:13-cv-00707, 2016 WL 6471226, at *3 (N.D.N.Y. Nov. 1, 2016) ("Motions to vacate . . . should not be granted if a moving party seeks only to relitigate an issue that has already been fully

6

considered by the court." (citation omitted)). The court will not now entertain M. Ferran's arguments for a second or third time.

In sum, having thoroughly reviewed M. Ferran's arguments in support of his motion to vacate, the court finds no basis upon which the court would vacate the December 2016 Order or the December 2019 Order. Accordingly, the motion to vacate the judgments rendered in those orders is denied.

**C.     Motion to Substitute M. Ferran for N. Ferran**

M. Ferran moves to substitute himself for N. Ferran pursuant to Fed. Civ. P. 17(a). (Dkt. No. 147.) M. Ferran argues that substitution is necessary because N. Ferran is elderly, sick, and "going blind and deaf." (Dkt. No. 147, Attach. 1 at 22.) "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Dennis v. JPMorgan Chase & Co.*, 342 F. Supp. 3d 404, 416 (S.D.N.Y. 2018) (citation omitted). However, the motion "should be denied if it is being proposed in bad faith or in an effort to deceive or prejudice the defendants." *Id.* at 416-17 (internal quotation marks and citation omitted). Further, "[a] district court may deny a Rule 17(a) motion

7

as untimely if it is not filed within a reasonable time after a standing objection is raised." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018) (internal quotation marks and citation omitted).

The court agrees with City defendants, (Dkt. No. 150 at 2-6), that this motion is a roundabout way of re-litigating the standing and assignment issues, which were already litigated and decided more than three years ago in a previous state action, in the December 2016 Order, and in a subsequent order on plaintiffs' motion for reconsideration, (Dkt. No. 101). Consequently, the motion is made in bad faith and a grant of that motion would prejudice defendants, for the same reasons explained in City defendants' opposition brief, (Dkt. No. 150 at 2-6), all of which the court adopts without rehashing them here.

Further, this motion, which was filed one month after the court directed the clerk to close the case, and several years after the standing and assignment issues were first litigated, was not filed in a reasonable time. *See Nat'l Credit Union Admin. Bd.*, 898 F.3d at 256. Moreover, as Chazen defendants argue, (Dkt. No. 149, Attach. 2 at 4), there is no case for M. Ferran to substitute into, as the final judgment dismissing the

8

complaint and closing the case, (Dkt. No. 144), will not be vacated or amended, (*see supra* Parts A, B), and an extension of time to file a notice of appeal is not granted, (*see infra* Part D).

Accordingly, M. Ferran's motion to substitute is denied.

### D.  Motion for an Extension of Time to Appeal

M. Ferran moves for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5).  (Dkt. No. 147.)  Rule 4(a)(5) requires the moving party to show "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A)(ii).  Having reviewed the entirety of M. Ferran's submissions, the court finds that there has been no showing of good cause or excusable neglect for failing to timely file a notice of appeal.  Indeed, it is difficult to believe that such good cause or excusable neglect could be shown, as M. Ferran filed forty-two and ninety-paged affidavits just two days after the notice was due.  (Dkt. No. 147, Attachs. 1-2.)  In other words, instead of filing the pending motions, M. Ferran could have just as easily filed a notice of appeal.  Accordingly, M. Ferran's motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5) is denied.

### E.  Attorneys' Fees and Costs

9

In response to M. Ferran's motions, City defendants request attorneys' fees and costs be imposed on M. Ferran "for the time and expense [they] were forced to waste in defending a baseless motion which [he] knew or should have known had no chance of success." (Dkt. No. 150 at 6.) "[T]he decision whether to award [fees and] costs ultimately lies within the sound discretion of the district court." *Rizzo v. Applied Materials, Inc.*, No. 6:15-cv-557, 2019 WL 311614, at *1 (N.D.N.Y. Jan. 24, 2019) (quoting *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013)). Although M. Ferran's motions are arguably frivolous, and the court is mindful that defendants have had to re-litigate the same issues repeatedly over the course of this litigation, the court, in an exercise of its discretion, declines to impose any sanctions on him at this time.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that M. Ferran's motions (1) to substitute pursuant to Fed. R. Civ. P. 17(a); (2) to vacate judgment pursuant to Fed. R. Civ. P. 60(b); (3) to make additional findings and amend judgment pursuant to Fed. R. Civ. P. 52(b); (4) to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e); and (5) for an extension of time to file a notice of appeal

pursuant to Fed. R. App. P. 4(a)(5), (Dkt. No. 147), are **DENIED**; and it is further

**ORDERED** that City defendants' request for attorneys' fees and costs, (Dkt. No. 150), is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 29, 2020
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge